UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JESSIE CONWAY                                                                                       PLAINTIFF

v.                                                                   CIVIL ACTION NO. 4:13CV-P62-M

HOPKINS COUNTY JAIL *et al.*                                        DEFENDANTS

**MEMORANDUM OPINION**

By Memorandum and Order entered November 14, 2013, the Court denied Plaintiff's requests for class-action status and to add exhibits to the record and provided him with 30 days to file a motion to supplement (DN 20). On November 26, 2013, the U.S. Postal Service returned Plaintiff's copy of the Order to the Court (DN 21). The envelope was marked "Return to Sender" and "Not Deliverable as Addressed-Unable to Forward."

Apparently, Plaintiff is no longer incarcerated at the Hopkins County Jail, his address of record. Upon filing the instant action, however, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme

Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order for lack of prosecution.

Date: January 13, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Hopkins County Attorney
4414.005